## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANGIE CALHOUN | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-2342-KHV |
| | ) | |
| MAINSTREET CREDIT UNION, | ) | |
| a Federally Chartered Institution, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For Leave To Place The Memorandum Of Settlement Agreement And Confidential Settlement And General Release Agreement Under Seal (Doc. #41) filed September 2, 2020 and plaintiff's Motion To File Documents Under Seal (Doc. #51) filed October 2, 2020. For reasons stated below, the Court overrules both motions.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Id.; Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the strong

presumption of public access must show that "countervailing interests heavily outweigh" the public interest in access to court proceedings and documents.  United States v. Bacon, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012)) (internal quotation marks and citation omitted).   To do so, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Colony Ins., 698 F.3d at 1241; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

In connection with seeking the Court's approval of the parties' settlement, defendant seeks leave to place the settlement and release agreements under seal.  Defendant asserts that these exhibits include confidential financial information and detailed confidentiality provisions but does not explain how the parties' interest in non-disclosure outweighs the public interest in open courts. See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  In particular, defendant has not shown that redaction would not sufficiently protect any information which is legitimately confidential.[1]   The Court therefore overrules

---

[1]    Pursuant to the District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, defendant may redact personal data as follows:

> To address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:
>
> 1. Social Security numbers: Use only the last four numbers; and
> 2. Minors' names: Use the minors' initials;

(continued . . .)

defendant's motion to seal.

Plaintiff also asks to file under seal documents that relate to the parties' mediation session and documents that counsel prepared after mediation. She argues that because the Court must address only the pending motion to enforce the settlement and not the merits of the case, the public's right of access should yield to the parties' interest in confidentiality. See Plaintiff's Motion To File Documents Under Seal (Doc. #51) at 2–3 (citing Kansas Dispute Resolution Act, K.S.A. 5-501, et seq.). The Court recognizes that preserving the confidentiality of settlement agreements may encourage settlement, but plaintiff has not shown why the parties' interests in keeping the terms of their agreements confidential outweighs the public interest in access, particularly because the Court must decide whether to enforce the settlement agreement at all. On this record, plaintiff has not met the heavy burden of articulating a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process. See Colony Ins., 698 F.3d at 1242. The Court therefore overrules plaintiff's motion to seal.

---

[1](. . . continued)

3. Dates of birth: Use only the year; and
4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.

In addition, parties may modify or partially redact other confidential information as permitted by the court (e. g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).

District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Leave To Place The Memorandum Of Settlement Agreement And Confidential Settlement And General Release Agreement Under Seal (Doc. #41) filed September 2, 2020 and Plaintiff's Motion To File Documents Under Seal (Doc. #51) filed October 2, 2020 are **OVERRULED**.

Dated this 15th day of October, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge